ANDRÉ BIROTTE JR.
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
JEAN-CLAUDE ANDRÉ (Cal. Bar No. 213538)
Assistant United States Attorney
Criminal Appeals Section
    1000 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone:  (213) 894-0705
    Facsimile:  (213) 894-8513
    E-mail:     jean-claude.andre@usdoj.gov

Attorneys for Plaintiff
United States of America

                    UNITED STATES DISTRICT COURT

             FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,        ) CR No. 08-422-R
                                 )
              Plaintiff,         ) FINDINGS OF FACT AND
                                 ) CONCLUSIONS OF LAW FOR
              v.                 ) RESENTENCING AFTER REMAND
                                 )
TYRON JOSIAH BROWN,              ) Resentencing Hearing Date: 3/15/10
                                 ) Resentencing Hearing Time: 1:30 pm
              Defendant.         )
                                 ) Spring Street Courtroom 8
                                 )

I.   **INTRODUCTION**

     This matter came before the Court for re-sentencing
following remand from the Court of Appeals for the Ninth Circuit
on the Parties' Joint Motion for Partial Vacatur and Correction
of Judgment Revoking Order of Probation and Committing Defendant
and Again Placing Defendant on Probation.  The parties
respectfully request, consistent with the Ninth Circuit's
mandate, that the Court should re-sentence defendant to a term of
supervised release, rather than probation, following the 90-day
term of incarceration.

## II.  BACKGROUND

On April 8, 2008, defendant Tyron Josiah Brown was charged in a single-count indictment with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

On May 19, 2008, defendant pleaded guilty.  For this Class C felony, defendant faced a statutory maximum term of imprisonment of 10 years and a statutory maximum term of supervised release of three years.  See 18 U.S.C. §§ 924(a)(2) & 3583(b).

On August 12, 2008, the Court sentenced defendant to five years of probation.  After defendant had served approximately ten months of his probationary term, the Court revoked defendant's probation on June 8, 2009.  The Court sentenced defendant to 90 days of incarceration and ordered that "upon completion of his term of incarceration the defendant is again placed on his original term of probation for the time remaining on the term." June 9, 2009 "Judgment Revoking Order of Probation and Committing Defendant and Again Placing Defendant on Probation."

On June 9, 2009, defendant filed a Notice of Appeal from his sentence.  On December 10, 2009, the Court of Appeals for the Ninth Circuit remanded the case to this Court for resentencing for this Court to sentence defendant in accordance with United States v. Garcia Murillo, 548 F.3d 1256 (9th Cir. 2008) and United States v. Forbes, 172 F.3d 675 (9th Cir. 1999). December 10, 2009 Order, No. 09-50301.  The appellate court's Mandate issued on January 11, 2010.

Accordingly, the Court makes the following Findings of Fact and Conclusions of Law on Re-Sentencing:

2

**III. FINDINGS OF FACT**

1.   The statutory maximum sentence for the underlying offense is 10 years imprisonment, and a three-year term of supervised release.

2.   The Court has already found the allegations in the Probation Officer's Petition filed on September 16, 2008, proven as true, and has already ordered the Order of Probation of August 11, 2008 revoked, vacated, and set aside.

3.   The advisory Guideline range for a Grade C probation is three to nine months imprisonment.

4.   The low-end of the range is a reasonable sentence for this defendant considering the seriousness of the offense and the nature of characteristics of this individual defendant.

5.   The defendant is sentenced to the custody of the Bureau of Prisons for ninety (90) days.  Upon completion, the defendant is placed on supervised release for a term of three years, under the same terms and conditions as imposed in the Order of Probation of August 11, 2008.

6.   The defendant already has completed the 90-day period of custody ordered by the Court, and was released from the Bureau of Prisons on August 14, 2009.  Defendant shall be given credit for that time served, such that his three-year term of supervised release shall commence forthwith.

**IV.  CONCLUSIONS OF LAW**

1.   This Court recognizes that under the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), the Court must consider the United States Sentencing Guidelines in determining the appropriate sentence for defendant, but the Court

1  is not bound by the Guideline calculation.  The Guidelines are
2  only advisory and are but one factor in determining the sentence
3  for the Defendant.

4      2.    The above findings accurately calculate the advisory
5  Guidelines and meet <u>Booker</u>'s requirement that the sentencing
6  Court must consider but is not bound to impose a sentence as
7  calculated under the United States Sentencing Guidelines.

8      3.    This Court recognizes that under 18 U.S.C. § 3561, "[a]
9  defendant . . . may be sentenced to a term of probation" only if,
10 among other things, the defendant is not "sentenced at the same
11 time to a term of imprisonment for the same or a different
12 offense."  The Court further recognizes that according to the
13 Ninth Circuit's decision <u>United States v. Forbes</u>, 172 F.3d 675,
14 675 (9th Cir. 1999), § 3561 "precludes the imposition of both
15 probation and straight imprisonment."  In other words, as the
16 Ninth Circuit has held, "straight prison time and probation are
17 mutually exclusive by statute."  <u>Id</u>.

18     4.    A sentence of 90 days of incarceration followed by a
19 three-year term of supervised release is a reasonable and just
20 sentence for this defendant taking into account the purpose and
21 goal of the sentencing statutes.  It meets the mandate of 18
22 U.S.C. § 3553(a) in that it is a sentence sufficient but not
23 greater than necessary to effectuate the purpose of the
24 sentencing statutes.  The sentence reflects the seriousness of
25 the offense as well as the history and characteristics of
26 defendant.  The sentence will promote respect for the law and
27 provide just punishment for this offense.  The sentence serves to
28 deter future criminal conduct, will protect the public from

4

further crimes of defendant, and will provide defendant with needed educational and vocational training, and necessary medical treatment.  The sentence takes into account the types of sentences available and is consistent with the range of sentences for his type of offense for other similarly situated defendants. The sentence, thereby, avoids unwarranted sentencing disparity.

5.   Accordingly, the sentence is a reasonable and just sentence, is consistent with the advisory Guidelines, and takes into account the § 3553(a) factors.

DATED: March 15, 2010

_____
The Honorable Manuel L. Real
United States District Judge